Bryant v. 319 Investment 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-176-CV

     BILL R. BRYANT,
                                                                                              Appellant
     v.

     319 INVESTMENT FUND, LTD.,
                                                                                              Appellee
 

From the 190th District Court
Harris County, Texas
Trial Court # 92-63499
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      On August 1, 1994, Appellant and Appellee filed in this court a joint motion to dismiss with
prejudice. Attorneys for both parties have signed the joint motion. They state that the underlying
dispute has been compromised and settled.
      The parties' request is granted, and the appeal is dismissed.
                                                                               PER CURIAM
Before Chief Justice Thomas,
      Justice Vance, and
      Justice James (Retired)
Dismissed
Opinion delivered and filed August 17, 1994
Do not publish



;                                                                          

O P I N I O N
                                                                                                    

      Nita Fanning appeals from a court order reducing her former husband's child-support
payments from $3000 per month to $2250 per month. After a hearing on Whitney Fanning's
motion to modify child support, the court found that his net resources were less than at the time
of divorce. Because Nita Fanning was improperly denied discovery of documents essential to
prove the net resources available to Whitney Fanning, we reverse the judgment and remand the
cause for a new trial.
      The Decree of Divorce was rendered by the trial court on June 30, 1990.


 Mr. Fanning filed
his motion to modify on September 28, 1990. On May 9, 1991, the court set the hearing on the
motion to modify for May 20. Also on May 9, Ms. Fanning served Mr. Fanning with a notice
to take his oral deposition on May 17. The notice was accompanied by a subpoena duces tecum,
requesting the production of all financial documents supporting his motion to modify at least
twenty-four hours before the deposition. The request for production designated particular
documents including bank depository records, personal and business expense records, financial
statements, and tax returns reflecting Mr. Fanning's income since November 2, 1989.


 At Mr.
Fanning's request, the deposition was rescheduled for May 24, 1991, and the hearing was
rescheduled for May 30. Finally, the deposition was again rescheduled by Mr. Fanning for May
29, one day before the hearing.
      On May 30, Ms. Fanning presented to the court a motion for sanctions related to Mr.
Fanning's failure to comply with the requested discovery. At the beginning of the hearing Ms.
Fanning's attorney informed the court that, although Mr. Fanning made no objections or claims
of privilege to the discovery request, he produced only ten pieces of paper at the time specified
in the amended notice of oral deposition. Mr. Fanning appeared at the deposition with incomplete
records of bank deposits, but he refused to produce other records to substantiate his claimed
reduction in income from his law practice. According to Ms. Fanning's attorney, during the
deposition Mr. Fanning claimed for the first time that the requested financial documents were
privileged.
      Nevertheless, the court proceeded to hear evidence on Mr. Fanning's motion to modify
without considering Ms. Fanning's motion for sanctions. Mr. Fanning testified that there had
been a material and substantial change in his net resources since the entry of the divorce decree. 
The court overruled Ms. Fanning's objections to the conclusory nature of his testimony. At the
time of the divorce, the amount of net resources available to Mr. Fanning was $19,000 per month. 
He offered, as evidence of a change in resources, copies of income-tax returns representing his
income for 1989 and 1990. Ms. Fanning objected to the admission of both exhibits because they
were a summary of financial records not in evidence and because Mr. Fanning had failed to
provide such records during discovery. 
      Mr. Fanning testified that the 1989 return reflected a gross income of $251,000 and a net
income of less than $180,000. Ms. Fanning objected to the introduction of the 1990 tax return,
which was unsigned,


 as hearsay. She also objected to the introduction of his accountant's letter,
attached to the return, as hearsay. Mr. Fanning testified that the 1990 return reflected gross
receipts of $321,000 from his law profession, a gross income of $135,065, and taxes of $40,000. 
The court overruled Ms. Fanning's objections and admitted the two exhibits. 
      Finally, Mr. Fanning argued that, because of recent changes in the workers' compensation
laws, his law practice was going to suffer. Although the court took judicial notice of the statutory
changes, and Mr. Fanning testified that over half of his income was attributable to workers'
compensation cases, he offered no evidence of how his practice had in fact been affected by the
changes in workers' compensation practice generally.
      Section 14.052(a) of the Family Code provides that the statutory guidelines for the support
of a child "are intended to guide the courts in determining equitable amounts of child support in
any suit affecting the parent-child relationship, including . . . actions involving . . . modification
. . . ."


 According to section 14.053(a), "An order of child support shall be based on the `net
resources' of the obligor and obligee . . . ."


 "Net resources"


 includes self-employment income:
Income from self-employment, whether positive or negative, includes benefits allocated
to an individual from a business . . . less ordinary and necessary expenses required to
produce that income, but may exclude amounts allowable under federal income tax law
as depreciation, tax credits, or any other business expenses shown by the evidence to be
inappropriate to the determination of income for the purpose of calculating child
support.




(Emphasis added).
      For the court to properly consider what business expenses are appropriately deducted from
the gross income of Whitney Fanning's law practice, Nita Fanning must be able to conduct
discovery of the financial documents supporting his calculations of net income. Without the
requested documents, Ms. Fanning is unable to adequately challenge Mr. Fanning's testimony
concerning his financial resources. Ms. Fanning properly requested discovery of Mr. Fanning's
financial records, filed a motion for sanctions upon his refusal to produce documents that he
asserted were privileged, sought a hearing on her motion before the hearing on Mr. Fanning's
motion to modify, and objected to Mr. Fanning's evidence of net income because it was derived
from the financial records withheld from her. Under these circumstances, we find that the denial
of discovery deprived Ms. Fanning of access to material information needed to effectively cross-examine Mr. Fanning and to effectively challenge the accuracy of his testimony.


 The denial of
discovery was material not only because it denied Ms. Fanning information needed to adequately
present her case to the court, but also because it deprived the trial court of sufficient evidence on
which to base a determination of Mr. Fanning's net resources, including his income from the law
practice.


 We recognize the need to protect the confidentiality of the records of Mr. Fanning's
law practice. However, this need not be an absolute bar to discovery because the court may order
an in camera inspection of the documents to protect confidential client records.


 We find that the
denial of discovery was such a denial of Nita Fanning's rights as was reasonably calculated to
cause and probably did cause the rendition of an improper judgment.


 As a result, we sustain
Nita Fanning's second point of error, and, without reaching her other points, we reverse the
judgment and remand the cause for a new trial.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed November 18, 1992
Publish